# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF GEORGIA
# MACON DIVISION

| | | |
|---|---|---|
| AMOS WESTMORELAND, JR., | : | |
| | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | Case No. 5:24-cv-449-MTT-AGH |
| | : | |
| SERGEANT MARQUAVIOUS LOCKHART, *et al.*, | : | |
| | : | |
| Defendants. | : | |
| | : | |

## ORDER AND RECOMMENDATION

Pending before the Court is a Complaint filed by *pro se* Plaintiff Amos Westmoreland, Jr., an inmate at Dooly State Prison in Unadilla, Georgia (ECF No. 1). Plaintiff also filed a motion for leave to proceed *in forma pauperis* ("IFP"). ECF No. 2. For the following reasons, Plaintiff's motion is **GRANTED**, and Plaintiff's Eighth Amendment excessive force claims against Defendant Lockhart shall proceed for further factual development. It is **RECOMMENDED**, however, that Plaintiff's remaining claims be **DISMISSED without prejudice**.

### MOTION TO PROCEED IN FORMA PAUPERIS

Plaintiff first seeks leave to proceed without prepayment of the filing fee pursuant to 28 U.S.C. § 1915(a). Plaintiff's submissions demonstrate that he is presently unable to pay the cost of commencing this action. His application to proceed IFP (ECF No. 2) is therefore **GRANTED**.

A prisoner allowed to proceed IFP must still pay the full amount of the $350.00 filing fee. 28 U.S.C. § 1915(b)(1). If the prisoner has sufficient assets, he must pay the filing fee in a lump sum; if sufficient assets are not in the account, the court must assess an initial partial filing fee based on the available assets. Despite this requirement, a prisoner may not be prohibited from bringing a civil action because he has no assets and no means by which to pay the initial partial filing fee. 28 U.S.C. § 1915(b)(4). If a prisoner has no assets, the Court waives payment of the partial filing fee prior to filing.

Plaintiff's submissions indicate that he is unable to pay the initial partial filing fee. Accordingly, it is **ORDERED** that his complaint be filed and that he be allowed to proceed without paying an initial partial filing fee.

I.   Directions to Plaintiff's Custodian

Plaintiff is required to make monthly payments of 20% of the deposits made to his prisoner account during the preceding month toward the full filing fee. The clerk of court is **DIRECTED** to send a copy of this Order to the business manager of the facility in which Plaintiff is incarcerated. It is **ORDERED** that the warden of the institution in which Plaintiff is incarcerated, or the sheriff of any county in which he is held in custody, and any successor custodians, shall each month cause to be remitted to the clerk of this Court twenty percent (20%) of the preceding month's income credited to Plaintiff's account at said institution until the $350.00 filing fee has been paid in full. 28 U.S.C. § 1915(b)(2). In accordance with provisions of the Prison Litigation Reform Act ("PLRA"), Plaintiff's custodian is authorized to forward

payments from the prisoner's account to the clerk of court each month until the filing fee is paid in full, provided the amount in the account exceeds $10.00. It is **ORDERED** that collection of monthly payments from Plaintiff's trust fund account continue until the entire $350.00 has been collected, notwithstanding the dismissal of Plaintiff's lawsuit or the granting of judgment against him prior to the collection of the full filing fee.

II.  Plaintiff's Obligations on Release from Custody

Plaintiff should keep in mind that his release from incarceration/detention does not release him from his obligation to pay the installments incurred while he was in custody. Plaintiff must pay those installments justified by the income in his prisoner trust account while he was detained. If Plaintiff fails to make such payments, the Court authorizes collection from Plaintiff of any balance due on these payments by any means permitted by law. Plaintiff's Complaint may be dismissed if he is able to make payments but fails to do so or if he otherwise fails to comply with the provisions of the PLRA.

## PRELIMINARY SCREENING OF PLAINTIFF'S COMPLAINT

I.  Standard of Review

The PLRA directs courts to conduct a preliminary screening of every complaint filed by a prisoner who seeks redress from a government entity, official, or employee. 28 U.S.C. § 1915A(a). Courts must also screen complaints filed by a plaintiff proceeding IFP. 28 U.S.C. § 1915(e). Both statutes apply in this case, and the standard of review is the same. "*Pro se* filings are generally held to a less stringent

standard than those drafted by attorneys and are liberally construed." *Carmichael v. United States*, 966 F.3d 1250, 1258 (11th Cir. 2020) (citation omitted). Still, the Court must dismiss a prisoner complaint if it "(1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. § 1915A(b); *see also* 28 U.S.C. § 1915(e).

A claim is frivolous if it "lacks an arguable basis either in law or in fact." *Miller v. Donald*, 541 F.3d 1091, 1100 (11th Cir. 2008) (citations omitted). On preliminary review, the Court may dismiss claims that are based on "indisputably meritless legal" theories and "claims whose factual contentions are clearly baseless." *Id.* (citations omitted). A claim can be dismissed as malicious if it is knowingly duplicative or otherwise amounts to an abuse of the judicial process. *Daker v. Ward*, 999 F.3d 1300, 1308, 1310 (11th Cir. 2021) (affirming dismissal of duplicative complaint "in light of [prisoner's] history as a prolific serial filer").

A complaint fails to state a claim if it does not include "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "Factual allegations [in a complaint] must be enough to raise a right to relief above the speculative level[.]" *Twombly*, 550 U.S. at 555 (citations omitted). In other words, the complaint must allege enough facts "to raise a reasonable expectation that discovery will reveal evidence" supporting a claim. *Id.* at 556. "Threadbare recitals of the elements of a cause of action, supported by mere

conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 555).

To state a claim for relief under § 1983, a plaintiff must allege that (1) an act or omission deprived him of a right, privilege, or immunity secured by the Constitution or a statute of the United States; and (2) the act or omission was committed by a person acting under color of state law. *Hale v. Tallapoosa Cnty.*, 50 F.3d 1579, 1582 (11th Cir. 1995). If a litigant cannot satisfy these requirements or fails to provide factual allegations in support of his claim or claims, the complaint is subject to dismissal. *See, e.g.*, *Bingham v. Thomas*, 654 F.3d 1171, 1176-77 (11th Cir. 2011) (affirming dismissal of certain claims at preliminary screening because prisoner failed to allege sufficient facts to show a violation of his rights), *abrogated on other grounds by Wade v. McDade*, 106 F.4th 1251, 1255 (11th Cir. 2024) (en banc).

II. <u>Factual Allegations and Plaintiff's Claims</u>

Plaintiff's Complaint arises from his incarceration at Dooly State Prison. Compl. 5, ECF No. 1. Plaintiff claims that on March 24, 2023, he was "kneeling at the serving window" in one of the dining areas of the prison requesting a cup for coffee. *Id.* Plaintiff states Defendant Lockhart, a member of the CERT team, approached him, and "for no apparent reason, abruptly and fiercely grabbed [Plaintiff] from behind and excessively slammed [him] against the wall, causing injury to [Plaintiff's] right arm." *Id.* Plaintiff thus contends Defendant Lockhart used excessive force against him. Plaintiff seeks compensatory and punitive damages, declaratory and injunctive relief, and costs and fees. Compl. Attach. C, at

5

1-2, ECF No. 1-4.

### A. Claims against the Georgia Department of Corrections

As a preliminary matter, it appears Plaintiff may have intended to sue the Georgia Department of Corrections ("GDC") itself. Compl. 4. In order to state a claim for relief under § 1983, a plaintiff must allege that the unconstitutional act or omission was committed by "a person acting under color of state law." *Hale*, 50 F.3d at 1582. The United States Supreme Court has held that local governments qualify as "persons" under § 1983. *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 690 (1978). But the GDC is a state agency and, as such, it is not a "person" subject to suit under § 1983. *Will v. Michigan Dep't of State Police*, 491 U.S. 58, 71 (1989) ("We hold that neither a State nor its officials acting in their official capacities are 'persons' under § 1983."); *Edwards v. Wallace Cmty. Coll.*, 49 F.3d 1517, 1524 (11th Cir. 1995) (stating that "[a] state, a state agency, and a state official sued in his official capacity are not 'persons' within the meaning of § 1983, thus damages are unavailable" (citation omitted)). Additionally, the GDC is a state agency and would, therefore, be entitled to immunity under the Eleventh Amendment. *Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 100 (1984) ("It is clear, of course, that in the absence of consent a suit in which the State or one of its agencies or departments is named as the defendant is proscribed by the Eleventh Amendment."); *Will*, 491 U.S. at 70.[1]

---

[1] When a state or its agencies are named as defendants, Eleventh Amendment immunity applies regardless of the relief sought. *Halderman*, 465 U.S. at 100-01. But Eleventh Amendment immunity does not apply to suits against state officials in their official capacity when prospective injunctive or declaratory relief is sought to end a continuing violation of federal law. *Florida Ass'n of Rehab. Facilities, Inc. v. State of Fla. Dep't of Health & Rehab. Servs.*, 225 F.3d 1208, 1219 (11th Cir. 2000) (citations omitted). Plaintiff's claims against Defendant Lockhart in his official capacity for

These claims are therefore subject to dismissal.

  B.  *Excessive Force Claims against Defendant Lockhart*

  The Eighth Amendment's prohibition against cruel and unusual punishment forbids the "unnecessary and wanton infliction of pain," including the use of excessive force. *Moore v. Hunter*, 847 F. App'x 694, 697 (11th Cir. 2021) (quoting *Thomas v. Bryant*, 614 F.3d 1288, 1303 (11th Cir. 2010)). An excessive force claim in the context of a prison "requires a two-prong showing: an objective showing of a deprivation or injury that is sufficiently serious to constitute a denial of the minimal civilized measure of life's necessities and a subjective showing that the official had a sufficiently culpable state of mind." *Id.* (quoting *Thomas*, 614 F.3d at 1304). The objective showing "is responsive to contemporary standards of decency," and thus even "a de minimis use of force is cognizable under the Eighth Amendment if it is 'repugnant to the conscience of mankind.'" *Id.* (quoting *Wilkins v. Gaddy*, 559 U.S. 34, 37-38 (2010)). To show subjective intent, the prisoner must show that a prison official applied force to a prisoner "maliciously and sadistically to cause harm" rather than "in a good faith effort to maintain or restore discipline." *Skrtich v. Thornton*, 280 F.3d 1295, 1300 (11th Cir. 2002) (quoting *Whitley v. Albers*, 475 U.S. 312, 320-21 (1986)), *overruled in part on other grounds by Pearson v. Callahan*, 555 U.S. 223 (2009)); *Williams v. Radford*, 64 F.4th 1185, 1195 (11th Cir. 2023). To determine whether force was applied maliciously or sadistically to cause harm, the court considers factors which include:

---

injunctive and declaratory relief therefore remain pending in this action.

> (1) the extent of injury; (2) the need for application of force; (3) the relationship between that need and the amount of force used; (4) any efforts made to temper the severity of a forceful response; and (5) the extent of the threat to the safety of staff and inmates, as reasonably perceived by the responsible officials on the basis of facts known to them.

*Williams*, 64 F.4th at 1195 (quoting *Campbell v. Sikes*, 169 F.3d 1353, 1375 (11th Cir. 1999)).

Plaintiff contends Defendant Lockhart "slammed [him] against the wall" and caused injuries, including abrasions that led to "continued pain" and "visible scarring." Compl. 5; Compl. Attach. A, at 1, ECF No. 1-2. Plaintiff also alleges that he did not "resist or do anything of a provoking nature to incite [Defendant Lockhart's] excessive use of force." Compl. 5. These allegations, when taken as true as they must be at this early stage, are sufficient to state a cognizable excessive force claim. These claims shall therefore proceed for further factual development.[2]

C.   *Remaining Allegations*

Plaintiff also briefly alludes to several additional potential constitutional claims. First, Plaintiff states that he "received minimal medical attention, and no follow-up care was provided despite continued pain and visible scarring on the right elbow." Compl. Attach A., at 1. A prisoner who demonstrates that a prison official

---

[2] A grievance response attached to the Complaint suggests Plaintiff was "fussing and being subordinate toward Kitchen staff," that Defendant Lockhart "advised the offender more than 3 times to move and exit the tray flap but he refused," and that Plaintiff swore at Defendant Lockhart and acted "very hostile." Compl. Attach. Grievance, at 2, ECF 1-1. Prison officials are entitled to use some amount of force against an inmate who refuses to comply with their lawful orders. *See, e.g.*, *Danley v. Allen*, 540 F.3d 1298, 1306 (11th Cir. 2008) *overruled on other grounds by Iqbal*, 556 U.S. at 684-86. But because Plaintiff has alleged that he did nothing to provoke Defendant Lockhart's use of force, and the Court must take these allegations as true in determining whether Plaintiff has stated an actionable claim, the Court cannot conclude at this time that Plaintiff's claims are necessarily frivolous.

8

was deliberately indifferent to his serious medical needs can state a constitutional claim. *See Farrow v. West*, 320 F.3d 1235, 1243 (11th Cir. 2003). To do so, a plaintiff must allege facts sufficient to establish: "(1) a serious medical need; (2) the defendants' deliberate indifference to that need; and (3) causation between that indifference and the plaintiff's injury." *Mann v. Taser Int'l, Inc.*, 588 F.3d 1291, 1306-07 (11th Cir. 2009). In this case, Plaintiff does not allege that Defendant Lockhart failed to provide him with adequate medical treatment or identify any other prison official who denied him medical treatment. Plaintiff's claims are consequently subject to dismissal because he fails to plead facts associating a named defendant with a constitutional violation. *See, e.g.*, *Douglas v. Yates*, 535 F.3d 1316, 1321-22 (11th Cir. 2008). Any claim that unspecified defendants failed to provide Plaintiff with adequate medical treatment must therefore be dismissed.

Plaintiff next states that "none of the three supervising officers who were aware of the incident followed the established protocol for documenting use of force" and that the prison failed to "conduct a proper investigation" of the incident. Compl. Attach. A, at 1-2. But Plaintiff again fails to identify which prison officials failed to properly document or investigate the incident, and even if he had, he could not state a claim. A prison official's "failure to follow procedures does not, by itself, rise to the level of deliberate indifference because doing so is at most a form of negligence." *Taylor v. Adams*, 221 F.3d 1254, 1259 (11th Cir. 2013). Plaintiff also has no constitutional right to any sort of internal investigation into his excessive force claims. *See, e.g.*, *Stringer v. Doe*, 503 F. App'x 888, 890-91 (11th Cir. 2013) (holding

9

that plaintiff "failed to state claims against the sheriff or deputy sheriff because [plaintiff] did not have a substantive due process right to an internal investigation by the Sheriff's Department or law enforcement"); *Vinyard v. Wilson*, 311 F.3d 1340, 1356 (11th Cir. 2002) (holding that plaintiff was not entitled to an internal investigation of her complaints of police brutality). Any claims based on these allegations must therefore be dismissed.

Plaintiff also mentions that he is in "fear of retaliation" from Defendant Lockhart. Compl. Attach. A, at 2. To state a retaliation claim actionable under § 1983, however, an inmate generally needs to show: that he engaged in protected conduct; that the prison official's retaliatory conduct adversely affected the protected conduct; and a causal connection between the protected conduct and the adverse action. *See, e.g.*, *Moton v. Cowart*, 631 F.3d 1337, 1341 (11th Cir. 2011). Plaintiff has not alleged that Defendant Lockhart has done anything that could be construed as retaliation in response to any protected conduct in which Plaintiff engaged. The fact that Defendant Lockhart is still employed at the prison "in proximity" to Plaintiff, standing alone, is not enough. Any retaliation claim Plaintiff intends to raise in this case should likewise be dismissed without prejudice.

## CONCLUSION

Based on the foregoing, Plaintiff's motion for leave to proceed *in forma pauperis* (ECF No. 2) is **GRANTED**, and Plaintiff's excessive force claims against Defendant Lockhart shall proceed for further factual development. It is **RECOMMENDED**, however, that Plaintiff's remaining claims be **DISMISSED without prejudice.**

## OBJECTIONS

Pursuant to 28 U.S.C. § 636(b)(1), the parties may serve and file written objections to this Recommendation with the Honorable Marc T. Treadwell, United States District Judge, **WITHIN FOURTEEN (14) DAYS** after being served with a copy of this Recommendation. Any objection is limited in length to **TWENTY (20) PAGES**. *See* M.D. Ga. L.R. 7.4. The parties may seek an extension of time in which to file written objections, provided a request for an extension is filed prior to the deadline for filing written objections. Failure to object in accordance with the provisions of § 636(b)(1) waives the right to challenge on appeal the district judge's order based on factual and legal conclusions to which no objection was timely made. *See* 11th Cir. R. 3-1.

## ORDER FOR SERVICE

Having found that Plaintiff's claims against Defendant Lockhart require further factual development, it is accordingly **ORDERED** that service be made on that Defendant and that they file an Answer, or such other response as may be appropriate under Rule 12, 28 U.S.C. § 1915, and the PLRA. Defendant is reminded of the duty to avoid unnecessary service expenses, and of the possible imposition of expenses for failure to waive service pursuant to Rule 4(d).

## DUTY TO ADVISE OF ADDRESS CHANGE

During the pendency of this action, all parties shall keep the Clerk of this Court and all opposing attorneys and/or parties advised of their current address. Failure to promptly advise the Clerk of a change of address may result in the dismissal of a

party's pleadings.

## DUTY TO PROSECUTE ACTION

Plaintiff is also advised that he must diligently prosecute his Complaint or face the possibility that it will be dismissed under Rule 41(b) of the Federal Rules of Civil Procedure for failure to prosecute. Defendant is similarly advised that they are expected to diligently defend all allegations made against them and to file timely dispositive motions as hereinafter directed. This matter will be set down for trial when the Court determines that discovery has been completed and that all motions have been disposed of or the time for filing dispositive motions has passed.

## FILING AND SERVICE OF MOTIONS, PLEADINGS, AND CORRESPONDENCE

It is the responsibility of each party to file original motions, pleadings, and correspondence with the Clerk of Court. A party need not serve the opposing party by mail if the opposing party is represented by counsel. In such cases, any motions, pleadings, or correspondence shall be served electronically at the time of filing with the Court. If any party is not represented by counsel, however, it is the responsibility of each opposing party to serve copies of all motions, pleadings, and correspondence upon the unrepresented party and to attach to said original motions, pleadings, and correspondence filed with the Clerk of Court a certificate of service indicating who has been served and where (i.e., at what address), when service was made, and how service was accomplished.

## DISCOVERY

Plaintiff shall not commence discovery until an answer or dispositive motion has been filed on behalf of the Defendant from whom discovery is sought by the Plaintiff. The Defendant shall not commence discovery until such time as an answer or dispositive motion has been filed. Once an answer or dispositive motion has been filed, the parties are authorized to seek discovery from one another as provided in the Federal Rules of Civil Procedure. The deposition of the Plaintiff, a state/county prisoner, may be taken at any time during the time period hereinafter set out provided prior arrangements are made with his custodian. **Plaintiff is hereby advised that failure to submit to a deposition may result in the dismissal of his lawsuit under Rule 37 of the Federal Rules of Civil Procedure.**

IT IS HEREBY ORDERED that discovery (including depositions and the service of written discovery requests) shall be completed within 90 days of the date of filing of an answer or dispositive motion by the Defendant (whichever comes first) unless an extension is otherwise granted by the court upon a showing of good cause therefor or a protective order is sought by the defendant and granted by the court. This 90-day period shall run separately as to Plaintiff and Defendant beginning on the date of filing of Defendant's answer or dispositive motion (whichever comes first). The scheduling of a trial may be advanced upon notification from the parties that no further discovery is contemplated or that discovery has been completed prior to the deadline.

Discovery materials shall not be filed with the Clerk of Court. No party shall be required to respond to any discovery not directed to him/her or served upon him/her by the opposing counsel/party. The undersigned incorporates herein those parts of the **Local Rules** imposing the following limitations on discovery: except with written permission of the court first obtained, **interrogatories** may not exceed TWENTY-FIVE (25) to each party, **requests for production of documents and things** under Rule 34 of the Federal Rules of Civil Procedure may not exceed TEN (10) requests to each party, and **requests for admissions** under Rule 36 of the Federal Rules of Civil Procedure may not exceed FIFTEEN (15) requests to each party. No party shall be required to respond to any such requests which exceed these limitations.

## REQUESTS FOR DISMISSAL AND/OR JUDGMENT

The Court shall not consider requests for dismissal of or judgment in this action, absent the filing of a motion therefor accompanied by a brief/memorandum of law citing supporting authorities. Dispositive motions should be filed at the earliest time possible, but in any event no later than one hundred - twenty (120) days from when the discovery period begins unless otherwise directed by the Court.

**SO ORDERED AND RECOMMENDED**, this 11th day of April, 2025.

                                         s/ *Amelia G. Helmick*
                                         UNITED STATES MAGISTRATE JUDGE